

# THE LAW OFFICE OF CARLOS M. SANTIAGO, P.C.

11 Broadway, Suite 615, New York, NY 10004, E: carlos@santiagolawnyc.com, P: 212-256-8460, F: 917-905-7191

January 6, 2023

**VIA ECF & EMAIL**
The Honorable John G. Koeltl
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse Courtroom 14A
500 Pearl Street
New York, NY 10007

Re:   ***United States v. Omari Williams***
      **20CR701(JGK)**

Dear Judge Koeltl:

Ms. Omari Williams ("Ms. Williams")[1] is scheduled for sentencing before this Court on February 9, 2023. Please accept this correspondence on behalf of Ms. Williams for the Court's consideration, in lieu of a formal memorandum, which is being submitted pursuant to the Court's Order issued December 16, 2022.[2] This letter is submitted as a supplement to Ms. Williams' sentencing letter submitted on December 7, 2022.[3] Counsel respectfully request that the Court advance all arguments in favor of leniency posited within Ms. Williams' December 7, 2022, submission into this correspondence. Respectfully, given the several mitigating factors highly favorable to Ms. Williams pursuant to 18 USC § 3553(a) outlined in Ms. Williams' December 7, 2022, submission, and given the Court of Appeals for the Second Circuit's recent decision in United States v. Chappelle, 41 F. 4th 102, 112 (2d Cir. 2022) which held that "Hobbs Act robbery is not a 'crime of violence,' as that term is defined in U.S.S.G. § 4B1.2(a)" we submit that a variance from Ms. Williams' Guidelines sentencing range is a sufficient, fair appraisal of Ms. Williams' criminal conduct on the instant matter.

The parties have discussed the impact of *Chappelle* on Ms. Williams' Guidelines calculation for this case and agree that Ms. William's designation as a career offender pursuant to U.S.S.G. § 4B1.2(a) is an improper designation, and a new Guidelines calculation is warranted. Counsel submits that Ms. Williams' proper Guidelines calculation places her 1) at an offense level of 20 [factoring in a 3-point reduction pursuant to U.S.S.G. § 3E1.1(a) and U.S.S.G. § 3E1.1(b)], and 2) within criminal history category V because of her 10 criminal history points. Based upon a total offense level of 20 and a criminal history category of V, the guideline sentencing range for Ms. Williams is 63-78 months.

As discussed *supra*, counsel submits that all the mitigating factors discussed in Ms. William's original submission still ring true and tremendously favor a perspective of leniency when fashioning the appropriate sentence to be imposed. In addition, it is of import to note that Ms. Williams'

---

[1] Omari Williams is currently undergoing transition hormone therapy and identifies using the pronouns she/her.
[2] Dkt No. 100 for case 22 cr 701 (JGK)
[3] Dkt No. 98 for case 22 cr 701 (JGK)

paramour and co-defendant in this case, Tyreek James, received a sentence at variance with his guidelines sentencing range and had both a higher offense level and criminal history category than Ms. Williams.[4] While understanding that Ms. Williams and Mr. James are different people who require separate levels of analysis, counsel submits that if Mr. James was deserving a variance that Ms. Williams, who has several unique circumstances that were outlined in her original submission, is also deserving of variance when they committed these offences together as they made they way to Mr. James' home in Schenectady New York.

## Conclusion

The sentence imposed upon Ms. Williams must be one that is "sufficient, but not greater than necessary" to provide (1) "just punishment," (2) "adequate deterrence," (3) "protect[ion for] the public" and, (4) "the defendant with needed educational or vocational training." 18 U.S.C. § 3553(a).

Considering the § 3553(a) factors in their totality, a sentence at variance with Ms. Williams' guidelines sentencing range of 63-78 months is adequately sufficient, but not greater than necessary. I thank Your Honor for his consideration in this matter.

Respectfully Submitted,

Carlos M. Santiago, Jr., Esq.
Law Offices of Carlos M. Santiago
Attorney for OMARI WILLIAMS
11 Broadway, Suite 615
New York, NY 10004
(212) 256-8460
carlos@santiagolawnyc.com

cc:     All counsel via ECF

---

[4] Tyreek James received a sentence of 86 months imprisonment and had a sentencing guidelines range of 92-115 months based off a total offense level of 29 and a criminal history category of VI.