

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 18, 2023

**BY ECF**
The Honorable John G. Koeltl
United States District Judge
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Omari Williams*, S1 20 Cr. 701 (JGK)

Dear Judge Koeltl:

    The Government respectfully submits this letter in response to the Court's December 16, 2022 order calling for "revised sentencing memoranda" that discuss the impact of *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022), "on the Guidelines calculations in this case." (Dkt. 100 at 1).

    On May 10, 2022, the defendant pled guilty, pursuant to a plea agreement, to Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951(a) and 2. (PSR ¶ 8). The plea agreement proceeded as if that offense were a "crime of violence" for purposes of the career offender provision of the Guidelines and calculated a Guidelines range of 151 to 188 months' imprisonment (the "Previous Guidelines Range"). (PSR ¶ 8). The PSR did the same (PSR ¶¶ 45, 109), as did the Government's December 13, 2022 sentencing submission (the "December 2022 Submission") (Dkt. 99 at 4-5). In its December 2022 Submission, the Government requested that the Court impose a sentence between the 86-month term of imprisonment imposed on codefendant Tyreek James and the 105-month term of imprisonment recommended by Probation, recognizing that such a sentence would be below the Previous Guidelines Range. (Dkt. 99 at 1).

    After the defendant pled guilty, the Second Circuit decided *Chappelle*, which held that Hobbs Act robbery is not a "crime of violence" for career offender purposes. 41 F.4th at 112. In light of *Chappelle*, the defendant is not a career offender under the Guidelines.

    Both the plea agreement and the PSR calculate what the offense level and the Criminal History Category would be absent the career offender enhancement. (*See* PSR ¶¶ 8, 44, 46-47, 56). Without that enhancement, the offense level is 20, and the defendant's Criminal History Category is V, resulting in a Guidelines range of 63 to 78 months' imprisonment (the "Updated Guidelines Range").[1]

---

[1] The defense agrees with that Guidelines calculation. (Dkt. 101 at 1).

The Government stands by its request that the Court sentence the defendant to a term of imprisonment between the 86-month term of imprisonment imposed on James and the 105-month term of imprisonment recommended by Probation. At the time of the December 2022 Submission, that was a request for a sentence below the Previous Guidelines Range. It is now a request for a sentence above the Updated Guidelines Range.

The Government's request was, and remains, motivated by the notion that the defendant and James are similarly culpable and deserving of similar sentences. The defendant and James conducted their robbery spree side by side. They are roughly similar in age, and, although James's rap sheet is longer than the defendant's, both individuals have extensive criminal histories, and both incurred disciplinary infractions while in custody.

The notion that the defendant and James deserve similar sentences is not impacted by the change in the defendant's Guidelines range. In fact, in its December 2022 Submission, the Government noted that the defense's request for a sentence of 63 to 78 months (*i.e.*, a sentence within the Updated Guidelines Range) would create an unwarranted disparity with James's 86-month sentence. (Dkt. 99 at 6-7). The December 2022 Submission also argued that a previous sentence of approximately 84 months failed to convince the defendant to abandon a life of crime, and noted that the defense offered no reason to think that the result would be any different this time around. (Dkt. 99 at 7). The defense's supplemental sentencing submission—filed after the Government's December 2022 Submission—does not address those arguments. (*See generally* Dkt. 101).

The defense's initial sentencing submission asserted that James was the defendant's boyfriend, that part of the defendant's motivation to commit the 2019 robberies was a desire to please James, and that the defendant acted in part at James's direction. (*See, e.g.*, Dkt. 98 at 3). The Government's December 2022 Submission highlighted a notable absence of corroboration for those assertions. (Dkt. 99 at 5-6). Equally notable is that the defense's supplemental sentencing submission offered no attempt at corroboration. (*See generally* Dkt. 101).

For the reasons set forth above, as well as those in its December 2022 Submission, the Government respectfully requests that the Court sentence the defendant to a term of imprisonment between the 86-month term of imprisonment imposed on James and the 105-month term of

imprisonment recommended by Probation, which would be a sentence above the Updated Guidelines Range of 63 to 78 months' imprisonment.

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney

by: *Samuel P. Rothschild*
                        Samuel P. Rothschild
                        Assistant United States Attorney
                        (212) 637-2504

cc:    Carlos M. Santiago, Esq. (by ECF)